FOX CHEMICAL COMPANY,
INC., Respondent,

v.

GREAT AMERICAN INSURANCE
COMPANY, Appellant,

Amzoil, Inc., et al., Respondents.

No. 47610.

Supreme Court of Minnesota.

March 3, 1978.

Cousineau, McGuire, Shaughnessy & Anderson and Harold J. W. Sweet, Minneapolis, for appellant.

Frisch, Hutton & Kennedy and Gerald A. Kennedy, Minneapolis, for Fox Chem. Co., Inc.

Chestnut, Brooks & Burkard, and Karl L. Cambronne, Minneapolis, for Amzoil, Inc., et al.

Heard before OTIS, ROGOSHESKE, KELLY, WAHL, and IVERSON, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

Defendant Great American Insurance Company appeals a judgment directing that under its business protector insurance policy it had an obligation to defend and to afford liability coverage to its insured, plaintiff Fox Chemical Company, in an action commenced against it by defendants Amzoil, Inc. and Albert J. Amatuzio, for damages occasioned by an alleged defamatory pamphlet prepared and distributed by the insured. We affirm the judgment which was based upon the decision of the trial court that the pamphlet did not constitute "advertising" within the contemplation of an exclusionary clause of the policy.

Fox Chemical Company is a contract packager and manufacturer of certain of its own proprietary automotive products, including a synthetic oil. Its business opera-

tions were insured by a business protector policy issued by Great American, which contained the following provision:

"The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury (herein called 'personal injury') sustained by any person or organization and arising out of one or more of the following offenses:

\*　\*　\*　\*　\*　\*

"Group B—the publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy; *except publications or utterances in the course of or related to advertising, broadcasting or telecasting activities conducted by or on behalf of the named insured* ; \*　\*　\*." (Italics supplied.)

The sole issue presented is whether the trial court erred in concluding that a pamphlet prepared by Fox Chemical was not a publication relating to advertising so as to exclude the publication activity from policy coverage and from the requirement that Great American defend Amzoil's defamation action.

In 1972, Fox Chemical hired Donald Titus to supervise and promote the sales of its new synthetic oil. Titus directed the printing of the subject pamphlet, "7 Phony Tests and Weird Ideas about Synthetic Lubricants." Four hundred copies were printed for the stated purpose of limited distribution to master distributors as informational background to aid them in educating the salespersons employed to solicit purchase orders for the product.

Titus personally distributed the pamphlets to the master distributors, and at the time of his accidental death on December 10, 1974, 74 pamphlets had been delivered. The record indicates that, while Fox Chemical did engage in limited advertising by mail to 500 selected potential customers per month, this pamphlet was not included in these mailings. In addition, although Amzoil, a competitor of Fox Chemical, came into possession of the pamphlet, there is substantial evidence to support the conclusion that the pamphlet was not intended for or actually utilized by prospective retail sellers. The only witness was the president of Fox Chemical. His testimony to the effect that there was no distribution to the public stands unrefuted. There is no evidence that Titus otherwise distributed the pamphlet, that it was posted publicly, or that it was reproduced in general media or trade publications.

The trial court noted that the evidence required the conclusion that the pamphlet was not advertising within the meaning of the policy exclusionary clause, particularly when that clause is interpreted to exclude liability coverage for mass dissemination of alleged defamatory material by the insured.

■ In our view, the term "advertising" must be construed in relation to the companion words found in the exclusionary clause. The clause appears to contemplate, as evidenced by the broad terms "broadcasting" and "telecasting," that public or widespread distribution of the alleged defamatory material is the excluded activity. A review of the record submitted, including the limited and controlled distribution for the stated, and not refuted, purpose of personnel education, requires the conclusion that Fox Chemical's activity did not constitute a public distribution within the scope of the insurance policy's exclusionary clause.

Therefore, the decision of the trial court that Great American had a duty to defend and to provide coverage to Fox Chemical in Amzoil's action arising out of the publication and distribution of the pamphlet must be affirmed.

Affirmed.

SHERAN, C. J., took no part in the consideration or decision of this case.