**IOWA KEMPER INSURANCE COMPANY, Respondent,**

v.

**Steven STONE, et al., Appellants,**

**Steven Marrone, et al., Defendants.**

**No. 47574.**

Supreme Court of Minnesota.

Aug. 11, 1978.

Stanley J. Mosio, St. Paul, for appellants.

Sahr, Kunert & Tambornino and Michael E. Skindrud, Minneapolis, for respondent.

Heard before ROGOSHESKE, YETKA and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

■ Appellants Steven and John Stone appeal from the January 31, 1977 order for declaratory judgment in favor of respondent Iowa Kemper Ins. Co. ("Kemper")[1] After due consideration, we affirm the judgment of the trial court.

At about 9 p. m. on May 17, 1967, Steven Marrone, Edward Buchanan, and Daniel Mazurek, all about age 16, were "just roaming" around Lake Phalen on foot when they encountered Steven Stone and Mary Nickelovitch. Marrone and Stone had had prior run-ins and, after a heated exchange, decided to "settle" things. Marrone removed his belt and wrapped it around his hand, holding the buckle, leaving about 10 inches loose. There was some scuffling and shoving; Marrone's lip was split, and Stone was knocked down by a blow from the belted hand to the left temple. Stone apparently received head injuries in the fight, resulting in a continuing epileptic condition.

The record indicates that appellants sued Steven Marrone, Edward Buchanan, and Daniel Mazurek to recover damages for the injuries sustained. The complaint included allegations of assault and battery, as well as negligence, and prayed $53,000 damages.

On May 20, 1976, plaintiff-respondent Kemper sued all the parties to the first action and prayed for judgment declaring its rights and obligations pursuant to a contract of insurance between Kemper and Donald Marrone, father of Steven Marrone. By agreement of counsel, the issue was submitted to the Ramsey County District Court for decision based upon the briefs, files, depositions, and exhibits. Judgment was ordered in favor of Kemper on January 31, 1977. This appeal followed.

The sole issue for our determination is whether the trial court erred in declaring applicable the clause excluding coverage for "bodily injury or property damage caused intentionally by or at the direction of the insured."

At the time of the May 17, 1967 incident, Steven Marrone was an additional insured under a homeowner's insurance policy in his father's name. In pertinent part, the policy states:

"Section II of this Policy Does Not Apply:

\*    \*    \*    \*    \*    \*

"(c) under Coverages E and F, to bodily injury or property damage caused intentionally by or at the direction of the Insured;"

■ Appellant initially contends that the applicability of the exclusionary clause should have been left for jury determination. Aside from indications that appellant *waived* his claim for jury trial,[2] the general

---

1. An order for judgment is not an appealable order under Rule 103.03, Rules of Civil Appellate Procedure. *Cucchiarella v. Kolodzieg*, 283 Minn. 515, 166 N.W.2d 100 (1969). This court has discretion to excuse that requirement, under Rule 102, Rules of Civil Appellate Procedure, and reach the merits of the controversy. *Brekken v. Holien*, 289 Minn. 95, 182 N.W.2d 717 (1970).

2. The note of issue filed by Kemper's counsel ambiguously requests trial "by the court and

jury." A return letter from the court administrator advised counsel that the matter had been placed on Court Calendar; the letter indicates *that carbon copies were sent to opposing counsel.*

The trial transcript states, without objection by counsel, that "[t]here has been submitted to the Court an agreement of counsel that the Court should decide this as a matter of law \* \* \*."

rule is that the interpretation of the language of an insurance contract is a question of law, as applied to the facts presented. *Associated Ind. Dealers v. Mutual Serv. Ins.*, 304 Minn. 179, 183, 229 N.W.2d 516, 519 (1975).

■ There is little dispute over the facts of this case; moreover, the legal issue appears to be well-settled. The "intent"[3] required to exclude coverage is neither the "intent *to act*" nor the "intent to cause the *specific* injury complained of." Rather, it is the "intent to *cause bodily injury*" even if the actual injury is more severe or of a different nature than the injury intended.[4] *Continental Western Ins. Co. v. Toal*, 309 Minn. 169, 244 N.W.2d 121 (1976); *Hartford Fire Ins. Co. v. Wagner*, 296 Minn. 510, 207 N.W.2d 354 (1973). The intent may be established by proof of actual intent to injure, or when the character of the act is such that an intention to inflict an injury can be inferred. *Farmers Ins. Exchange v. Sipple*, Minn., 255 N.W.2d 373, 376 (1977); *Caspersen v. Webber*, 298 Minn. 93, 99, 213 N.W.2d 327, 330 (1973).

The facts in the instant case are virtually identical with those of *Pendergraft v. Commercial Standard Fire & Marine Co.*, 342 F.2d 427 (10 Cir. 1965), cited as the basis for the rule in *Hartford Fire Ins. Co. v. Wagner*, 296 Minn. 510, 207 N.W.2d 354 (1973). In *Pendergraft*, the court of appeals affirmed the declaratory judgment of the trial court, holding that the intentional injury exclusion in the homeowner's liability policy was effective to exclude liability to the injured party. The insured's minor son admitted, in deposition, that he committed an assault and battery on another boy, knocking him down and causing a skull fracture. Although the severe resulting injury was clearly not anticipated or intended, the court declined to interpret the exclusionary clause to require proof of specific "subjective intent." It was sufficient to demonstrate an intent to do bodily injury.

Other jurisdictions have consistently followed this rule and reasoning: *Clark v. Allstate Insurance Company*, 22 Ariz.App. 601, 529 P.2d 1195 (1975) (affirming summary judgment; coverage excluded where minor intended to strike victim, though not to crush cheekbone); *Butler v. Behaeghe*, 548 P.2d 934 (Colo.Ct.App.1976) (affirming trial court; no coverage for injuries sustained in assault and battery); *Hartford Fire Ins. Co. v. Spreen*, 343 So.2d 649 (Fla.Dist.Ct.App. 1977) (in part, reversing trial court; no coverage in assault and battery, excluded where actual or inferred intent to injure); *Oaks v. State Farm Fire & Casualty Company*, 137 N.J.Super. 365, 349 A.2d 102 (App.Div.1975) (reversing trial court; coverage excluded where intent to injure, in assault and battery).

■ The rule is well-established and well-reasoned, consistent with the reasonable expectations of the parties to the insurance contract and the public policy against "licensing" intentional and unlawful harmful acts. In the instant case, the direct and inferential evidence permits only one conclusion: Marrone intended to injure Stone. The district court's conclusion to that effect was clearly correct; coverage was therefore properly excluded.

■ Finally, although the liability insurer generally must undertake the defense of its insured based upon the allegations in the third-party complaint, *Red & White Airway Cab Co. v. Transit Cas. Co.*, 305 Minn. 353, 234 N.W.2d 580 (1975), the allegations of negligence in Stone's personal injury com-

---

**3.** Some policies exclude injuries "expected or intended;" others exclude injuries "caused intentionally." There is no substantial distinction in meaning. *Continental Western Ins. Co. v. Toal*, 309 Minn. 169, 244 N.W.2d 121, 124, n. 1 (1976). Accordingly, cases interpreting both are used herein.

**4.** "Superficial analysis would suggest that this is an acceptance of the 'natural consequences of the act' rule, but it is not. It is a much more narrow gauge that recognizes the correlation only where reason mandates that from the very nature of the act, harm to the injured party must have been intended. A defendant may assert the rock was accidentally released or was not aimed at the victim, but he will not be heard to say he intended to throw the rock softly." *Home Insurance Company v. Neilsen*, 332 N.E.2d 240, 243–44 (Ind.App.1975).

plaint can impose no continuing obligation where coverage has been declared excluded in separate judicial proceedings.[5]

Affirmed.

TODD, J., took no part in the consideration or decision of this case.

---

**5.** Cf. *Fox Chemical Co. Inc. v. Great Am. Ins. Co.*, Minn., 264 N.W.2d 385 (1978). This court has consistently urged that the insurer's obliga-tions be determined in separate proceedings. *Newcomb v. Meiss*, 263 Minn. 315, 322, 116 N.W.2d 593, 598 (1962).