172 N.J. Super. 112 (1980)
410 A.2d 1194
ROBERT D. TAL AND CHARLES TAL, PLAINTIFFS-APPELLANTS,
v.
FRANKLIN MUTUAL INSURANCE COMPANY, DEFENDANT-RESPONDENT.
FRANKLIN MUTUAL INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v.
ROBERT D. TAL AND CHARLES TAL, AND MITCHELL J. WEBB, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 10, 1979.
Decided January 30, 1980.
*113 Before Judges ALLCORN, MORGAN and HORN.
*114 Marshall Gates argued the cause for appellants Tal (Roy Curnow, on the Reply Brief).
Alan D. Rubenstein argued the cause for appellant Webb.
R. Webb Leonard argued the cause for respondent Franklin Mutual Insurance Co. (Busche, Clark, Leonard & Honig, attorneys; Leonard, of counsel; Steven A. Spalter on the brief).
Robert H. Jaffe argued the cause for intervenor Karen L. Flood (Jaffe and Howard G. Schlesinger on the brief).
The opinion of the court was delivered by MORGAN, J.A.D.
Two insureds, Robert Tal and Mitchell Webb, appeal from a declaratory judgment in favor of their insurance carrier, Franklin Mutual Insurance Company (hereinafter "Franklin"), exonerating Franklin from liability on two homeowner's policies with respect to the death of one Thomas Flood because, according to the trial judge's findings, his death was "expected or intended" by the insureds within the meaning of the provision in each of the two policies excluding coverage for
........
f.... bodily injury ... which is either expected or intended from the standpoint of the Insured. [Emphasis supplied]
The underlying event was a fight during the early morning hours of November 6, 1975 in which Thomas Flood, Jr., received injuries from a blow delivered by Robert Tal, from which Flood later died. The other insured, Mitchell Webb, was found to have participated in the events leading to the fatal blow, and on that basis to have expected or intended the result.
Flood's death, and the circumstances in which it occurred, spawned not only issues regarding insurance coverage but two *115 other proceedings as well. Prior to the declaratory judgment to be considered herein, a criminal proceeding against Robert Tal resulted in his conviction of involuntary manslaughter for the death of Thomas Flood. After the declaratory judgment, a civil action for Flood's wrongful death, brought by decedent's representative,[1] resulted in a plaintiff's verdict against both Webb and Tal, the Tal verdict being based upon negligence, and the verdict against Webb, being based upon both negligence and intentional conduct. Because Franklin was exonerated from coverage by the declaratory judgment, it did not participate in the liability trial.
Before confronting the propriety of the challenged declaratory judgment, we first address the most significant aspect of the case  that the parties to the declaratory suit failed to join as a party the decedent's representative with respect to the action for Flood's wrongful death and with respect to the survival action on behalf of the decedent's estate. It was not until after this judgment and initiation of this appeal that decedent's representative became a party by way of intervention, and then only to establish that she was not bound by the declaratory judgment.
Whether decedent's representative is or is not bound by the declaratory judgment exonerating Franklin is an issue which, strictly speaking, is not before us. The binding effect of such a judgment should be decided only in a suit on the policies to collect the money judgments. Nevertheless, decedent's representative does presently have two money judgments of considerable magnitude against Webb and Tal and almost inevitably will seek to satisfy those judgments from the Franklin policies coverage of which is at issue on this appeal. The issue will have to be decided, the facts upon which the issue depends are undisputed, and all parties to this appeal have tacitly, at least, *116 acquiesced in having it resolved on a primary basis at the appellate level. Therefore, in the exercise of our original jurisdiction, we undertake to do so. R. 2:10 5.
Clearly, decedent's representative's contention that she is not bound by the judgment here under consideration is correct; no party contends otherwise. The failure to join decedent's representative to the declaratory suit robs the resulting judgment of any binding effect on her. Manifestly, it was the obligation of those seeking declaratory relief (in this matter both the insurance carrier and the insureds) to join "all persons having or claiming any interest which would be affected by the declaration...." N.J.S.A. 2A:16 56. One not a party thereto remains unaffected by any such judgment. N.J.S.A. 2A:16-57. Consequently, decedent's representative who now holds substantial money judgments against Webb and Tal resulting from the trial of the action for Flood's wrongful death may file her own suit on Webb's and Tal's policies and would be unaffected by the trial judge's ruling in the declaratory action in Franklin's favor.
That decedent's representative is free from the constraints of the declaratory judgment does not, however, end the inquiry. The effects of the two collateral proceedings previously mentioned remain to be considered. Considering, first, whether Tal's conviction of involuntary manslaughter bars decedent's representative's recourse to Tal's policy with Franklin, we are convinced that it does. The conviction was based upon jury instructions which properly charged that
... The crime of manslaughter is an unlawful killing of a person where the death results unintentionally so far as the person charged with the crime is concerned from an act committed by him with the intention to do less than great bodily harm. . .. [Emphasis supplied]
The conviction, affirmed on appeal, established that by Tal's intentional act, the injury, although not great, resulted in Flood's death. Decedent's representative is bound by that finding *117 and is collaterally estopped to assert that Tal did not intend some harm to Flood even though he never intended or expected Flood's death. Such was the clear holding in New Jersey Mfrs. Ins. Co. v. Brower, 161 N.J. Super. 293 (App.Div. 1978), a holding with which we agree. In Brower the court squarely held that the injured person was estopped by the insured's conviction of assault with intent to kill from relitigating with the insurer whether his injuries had been intentionally caused by the insured even though the injured victim did not participate in the criminal trial. The holding is, of course, founded on the injured victim's privity with the insured through whom he claims; he stands in the insured's shoes vis-a-vis the policy from which he seeks payment. So here, with respect to Tal's policy with Franklin, decedent's representative has no greater rights thereunder than does Tal. Tal is clearly bound by the manslaughter conviction in which he participated; so, too, are all who claim through him, including decedent's representative.
Necessarily implicit in that conviction was the finding that Tal intended to inflict some injury on Flood even though his death was unintentional. That finding, however, forecloses decedent's representative from recovery on Tal's policy. Lyons v. Hartford Ins. Group, 125 N.J. Super. 239 (App.Div. 1973), certif. den. 64 N.J. 322 (1974), and Oakes v. State Farm, 137 N.J. Super. 365 (App.Div. 1975), certif. den. 70 N.J. 142 (1976). In Lyons the insured, a police officer, had fired his gun allegedly as a warning, but had instead killed someone with the shot. His policy with Hartford contained an exclusion identical to the one found in Tal's policy with Franklin. The principle governing coverage under this exclusion was stated as follows:
The general rule is that coverage exists under insuring and exclusion clauses identical or similar to the ones involved here for the unintended results of an intentional act, but not for the damages assessed because of an injury which was intended to be inflicted. [Id. 125 N.J. Super. at 245]

*118 ........
Where the intentional act has resulted in intended injury, even where the injury inflicted is different or more severe than intended, coverage has been denied ... [Id. at 246]
The trial court judgment denying the officer coverage was reversed and remanded for a new trial because the insured had intended no injury at all.
In Oakes, supra, defendant insurer appealed from a determination that a homeowner's policy provided the insured with coverage for injuries to another caused by an assault and battery by the homeowner. The trial court judgment in favor of the insured in those circumstances was reversed because the insured intended some injury to the third person although the extent of injury was unintended. Id. 137 N.J. Super. at 367.
In the present matter the jury in the criminal proceeding must have determined, by their verdict of manslaughter, beyond a reasonable doubt, that Tal intended Flood some injury although not his death. Tal was a party to that suit and had full opportunity and incentive to prove his innocence of any homicide charge. The necessarily implicit finding that Tal intended Flood some injury forecloses him and those claiming through him from any recovery on the Franklin policy.
Decedent's representative is not, however, similarly foreclosed in making a claim under Webb's policy with Franklin. The civil suit against Webb resulted in a special jury verdict which founded Webb's liability to Flood on the basis of both negligence and intention. Specifically, the jury found that recovery against Webb was warranted by his "intentional wrongdoing in connection with the fight and the events that led up to it ...," and by his "negligence in connection with the fight and the events that led up to it ..." The jury was not asked to select which of the two inconsistent findings more accurately reflected their view of the evidence. Hence, we *119 are left with an equivocal jury verdict, of insufficient definition to estop Webb, and hence those claiming through him, including decedent's representative from making claim on the policy.
Because decedent's representative is not bound by the declaratory judgment here under examination, and is not bound by the ambiguous jury finding in connection with the basis for Webb's liability to Flood, she is free to make claim on Webb's policy and litigate whether Webb's liability is covered under his policy by Franklin.
It only remains for us to determine whether the declaratory judgment binds Webb and Franklin, two of the parties who did participate in the trial which resulted in the judgment, or whether we should regard the declaratory judgment as a nullity for the failure to join decedent's representative. We see no reason why they should not be so bound. Both parties had full opportunity to present all of their evidence with respect to Webb's entitlement to coverage under Franklin's policy. We see little to be gained in rerunning that course.
In summary, we affirm the challenged declaratory judgment as being founded on substantial credible evidence. Close v. Kordulak, 44 N.J. 589 (1965). In the exercise of our original jurisdiction, we hold decedent's representative foreclosed by Tal's manslaughter conviction from making claim on Tal's policy. Again, in the exercise of our original jurisdiction, we hold decedent's representative not bound by the declaratory judgment and free to litigate whether Webb's policy affords Webb coverage from which decedent's representative can obtain satisfaction of her judgment against Webb.
NOTES
[1] Decedent's representative and wife, Karen Flood, brought suit as administratrix for the estate of Thomas Flood, Jr., and as administratrix ad prosequendum of Thomas Flood, Jr.