STATE FUND MUTUAL INSURANCE
COMPANY, Respondent,

v.

Steven C. ENEBO, Respondent,

Charles Mathews, et al., Appellants.

No. C3–90–480.

Court of Appeals of Minnesota.

July 17, 1990.

Review Denied Sept. 20, 1990.

John H. Guthmann, Hansen, Dordell,
Bradt, Odlaug & Bradt, St. Paul, for State
Fund Mut. Ins. Co.

Charles Friedman, Minneapolis, for Steven C. Enebo.

Russell L. Streefland, Wayne A. Jagow,
Streefland & Groves, Burnsville, for
Charles Mathews, et al.

Considered and decided by
KALITOWSKI, P.J., and LANSING and
MULALLY *, JJ.

## OPINION

EDWARD D. MULALLY, Acting Judge.

Respondent Steven Enebo commenced an
action against appellants Charles and Gilbert Mathews and First Aid Service, Inc.,
d/b/a Zee Medical Service (collectively referred to as Zee). Zee tendered defense of
the suit to respondent State Fund Mutual
Insurance Company. State Fund brought
the present declaratory judgment action,
seeking a determination that its policy provides no coverage for the claims brought
by Enebo against Zee. Cross-motions for
summary judgment were brought. The trial court granted State Fund's motion. We
affirm.

## FACTS

Steven Enebo, a former employee of Zee,
brought a wrongful termination suit
against Zee. Enebo's complaint alleged
five causes of action: Count 1, breach of
contract; Count 2, breach of good faith and

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

fair dealing; Count 3, misrepresentation; Count 4, obstruction of workers' compensation benefits in violation of Minn.Stat. § 176.82 (1988); and Count 5, discharging and threatening to discharge an employee in violation of Minn.Stat. § 176.82. Zee tendered defense of the Enebo lawsuit to State Fund, its workers' compensation insurance carrier. Zee also tendered defense of the action to Milwaukee Mutual Insurance Co., its general liability insurer. Both State Fund and Milwaukee Mutual declined coverage.

State Fund brought a declaratory judgment action, seeking a determination that it has no obligation to defend or indemnify Zee. Zee brought in Milwaukee Mutual as a third-party defendant. The action against Milwaukee Mutual has been dismissed without prejudice.

Two provisions of the State Fund policy are at issue. The first provides:

B. We Will Pay

We will pay promptly when due the benefits required of you by the workers' compensation law.

The second provides:

F. Payments You Must Make

You are responsible for any payments in excess of the benefits regularly provided by the workers' compensation law including those required because: * * *

4. You discharge, coerce or otherwise discriminate against any employee in violation of the workers' compensation law.

Zee and State Fund moved for summary judgment. The trial court granted State Fund's motion, finding the policy excluded coverage for all of Enebo's claims against Zee. On appeal, Zee challenges only the trial court's determination that State Fund is not required to defend or indemnify Zee for damages claimed by Enebo for violation of Minn.Stat. § 176.82, Counts 4 and 5 of Enebo's complaint.

## ISSUES

1. Did the trial court err in finding no coverage under the State Fund policy for the claims brought against Zee by Enebo under Minn.Stat. § 176.82?

2. Is the State Fund policy's exclusion for claims pursuant to Minn.Stat. § 176.82 contrary to public policy?

## ANALYSIS

### I

■ On appeal from summary judgment, this court's review is limited to a determination whether there are any genuine issues of material fact and whether the trial court correctly applied the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). The parties do not contend that there is any issue of fact, rather that the trial court's decision was based on interpretation of the State Fund policy. Interpretation of the language of an insurance contract is a question of law, as applied to the facts presented. *Iowa Kemper Insurance Co. v. Stone,* 269 N.W.2d 885, 887 (Minn.1978).

On appeal, Zee contends State Fund's requirement that Zee pay for violation of Minn.Stat. § 176.82 is void. Zee relies on *Wojciak v. Northern Package Corp.,* 310 N.W.2d 675 (Minn.1981). State Fund, on the other hand, relies on *Wojciak* for the proposition that there is a distinction between workers' compensation benefits and civil damages under Minn.Stat. § 176.82 (1988).

In *Wojciak,* the Minnesota Supreme Court was faced with a declaratory judgment action ancillary to an action by a former employee for wrongful discharge based on section 176.82. *Id.* at 677. The *Wojciak* court found that the employer's workers' compensation policy provided coverage for the claim. *Id.* at 679. This determination was based on the policy itself, not on Minn.Stat. § 176.82. *Id.* In the present case, the policy language excludes coverage for Enebo's wrongful discharge claim. At issue on appeal is the validity of this exclusion, an issue not addressed in *Wojciak.*

■ Workers' compensation insurance policies must "provide compensation *for injury or death* in accordance with the full

benefits conferred by this chapter." Minn. Stat. § 176.185, subd. 3 (1988) (emphasis added). "Compensation" is defined in the Workers' Compensation Act as "all benefits provided by this chapter *on account of injury or death."* Minn.Stat. § 176.011, subd. 8 (1988) (emphasis added). Enebo is not seeking compensation for injury or death. His action under section 176.82 is one seeking damages for wrongful termination. Coverage under a workers' compensation insurance policy for an action brought pursuant to section 176.82 is not required by the Workers' Compensation Act.

## II

State Fund contends the exclusion for an award under § 176.82 is consistent with public policy, as expressed in *Wojciak.* At issue in *Wojciak,* however, was whether *allowing* an insurer to provide coverage against claims made under Minn.Stat. § 176.82 was violative of public policy. The *Wojciak* court concluded allowing such coverage was not contrary to public policy. *Id.* at 680.

Although the question presented is the converse of the question in *Wojciak,* we conclude that State Fund's exclusion is not contrary to public policy. Ordinarily, a person may not insure against intentional acts of misconduct serious enough to warrant punitive damages. *Wojciak,* 310 N.W.2d at 680. Allowing a person against whom punitive damages are assessed to shift responsibility for paying those damages to an insurer would frustrate the deterrent purpose of punitive damages. *See Northwestern National Casualty Co. v. McNulty,* 307 F.2d 432, 440–41 (5th Cir. 1962). Minn.Stat. § 176.82 authorizes an award of punitive damages of up to three times the amount of workers' compensation benefits to which the employee is entitled. *Id.* To allow Zee to insure itself against punitive damages would allow Zee to escape the sanctions provided by the statute.

Zee also contends the exclusion is ambiguous and should be construed in favor of the insured. This contention is without merit. The portion of the insurance policy which states State Fund will pay the benefits required by the workers' compensation law is headed "We Will Pay." The exclusion is contained in a section titled "Payment You Must Make." "Exclusions in a policy * * * are as much a part of the contract as other parts thereof and must be given the same consideration in determining what is the coverage." *Bobich v. Oja,* 258 Minn. 287, 295, 104 N.W.2d 19, 24–25 (1960).

 In addition, Zee did not make this argument in the trial court. This court's review is limited to those issues which the record establishes were considered in and decided by the trial court. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988).

## DECISION

State Fund's policy unambiguously excludes coverage for Enebo's claims. That exclusion is not contrary to public policy.