**AMERICAN NATIONAL FIRE INSURANCE COMPANY, Respondent,**

v.

**The ESTATE OF Robert Leo FOURNELLE, Respondent,**

**Joanne Marie Grimsrud, individually, and Joanne Marie Grimsrud, Trustee for the heirs and next-of-kin of Thomas Fournelle and Joseph Fournelle, Appellants.**

No. C8–90–491.

Court of Appeals of Minnesota.

Aug. 14, 1990.

Review Granted Oct. 18, 1990.

Richard Chadwick, Chadwick, Johnson & Condon, P.A., Minneapolis, for American National Fire Ins. Co.

Colia F. Ceisel, St. Paul, for appellants.

Considered and decided by KALITOWSKI, P.J., and LANSING and MULALLY,* JJ.

OPINION

KALITOWSKI, Judge.

Appellant Joanne Grimsrud's husband, Robert Fournelle, shot and killed their two children before committing suicide. Respondent insurance company was granted summary judgment in a declaratory judgment action on the basis that the policy terms did not cover the incident. Appellants challenge the award of summary judgment in favor of respondent. We affirm.

* Acting as judge of the Court of Appeals by ap-   pointment pursuant to Minn. Const. art. VI, § 2.

## FACTS

Joanne and Robert Fournelle were married in 1967. Joanne filed for divorce in 1985 and was granted temporary custody of the two children and temporary possession of the homestead. Robert Fournelle entered the homestead for visitation on March 3, 1985, and killed both of the children before committing suicide.

On May 19, 1988, appellants brought suit against Fournelle's estate for the wrongful death of the two children. The estate tendered defense of the claim to respondent under the provisions of the homeowners policy. Appellants entered into a *Miller–Shugart* settlement with the estate awarding appellants $250,000 to be paid solely from available insurance proceeds.

Respondent moved for summary judgment on the basis that no coverage existed for the incident. The trial court found that the policy excluded coverage for bodily injury suffered by a resident insured and that the two children met the policy definition of an "insured" as relatives residing with a named insured. Appellants challenge the award of summary judgment.

## ISSUE

Did the trial court err in determining that the homeowners policy excluded coverage for this incident?

## ANALYSIS

On appeal from summary judgment, the reviewing court must determine whether the record indicates no genuine issue of material fact and whether the trial court erred in its application of the law. *Offerdahl v. University of Minnesota Hospitals & Clinics,* 426 N.W.2d 425, 427 (Minn. 1988). The interpretation of the language of an insurance contract is generally a question of law. *Iowa Kemper Ins. Co. v. Stone,* 269 N.W.2d 885, 886–87 (Minn.1978).

Respondent moved for summary judgment on the basis that it had no duty to defend the Fournelle estate because the incident was outside the scope of policy coverage. The trial court found the homeowners policy did not provide coverage for this incident due to the residency or household exclusion. The exclusion provides that the policy does not cover bodily injury to any insured. "Insured" is defined by the policy to include a relative residing in the named insured's household.

■ The trial court noted that both Robert Fournelle and Joanne Fournelle (now Grimsrud) were named insureds on the policy and the marital homestead was the insured residence. The court concluded the children were excluded from coverage by the following language:

Coverage E—Personal Liability, does not apply to:

\* \* \* \* \* \*

f. bodily injury to you or any insured within the meaning of part a. or b. of Definition 3. "insured".

The definition of "insured" states:

3. "insured" means you and the following residents of your household:

a. your relatives;

b. any other person under the age of 21 who is in the care of any person named above.

We do not find the policy terms ambiguous. *See State Farm Fire & Casualty Co. v. Lawson,* 406 N.W.2d 20, 22 (Minn.App. 1987) (no ambiguity found in identical provision), *pet. for rev. denied* (Minn. June 30, 1987). The phrase "resident of your household" is not ambiguous and effect must be given to its plain meaning. *Mutual Service Casualty Ins. Co. v. Olson,* 402 N.W.2d 621, 623–24 (Minn.App.1987), *pet. for rev. denied* (Minn. May 20, 1987). Where there is no ambiguity in the language, a court will not render a construction which is more favorable to finding coverage but will apply the language to give effect to the plain meaning of the language. *Firemen's Ins. Co. of Newark, N.J. v. Viktora,* 318 N.W.2d 704, 706 (Minn. 1982).

■ Ordinarily, whether a relative is a resident in the insured's household is a fact question. *Olson,* 402 N.W.2d at 623. Residency is then evaluated under the standard adopted by the Minnesota Supreme Court in *Viktora,* 318 N.W.2d at 706. In this

case, however, the parties agreed that both children were residents of Joanne's household at the time of the incident and therefore no question of fact was presented to the trial court. As relative residents in Joanne's household, the bodily injury suffered by the children is excluded from coverage.

Appellants argue that this factual situation is similar to that found in *National Farmers Union Property & Casualty Co. v. Anderson*, 372 N.W.2d 71 (Minn.App. 1985), and should be controlled by its holding. They contend the severability clause of the policy mandates that the residency exclusion be applied separately to the person seeking coverage. We do not interpret this clause to extend coverage to an incident which is normally excluded by the residency or household exclusion. In *Anderson* the insurer issued a blanket policy covering two separate households in existence on the effective date of the policy. By issuing one policy to cover two separate and distinct households, the insurer created an ambiguity as to the household exclusion provision. This court construed the ambiguity against the insurer, found that the insurer had intended to undertake separate and distinct obligations with regard to the insureds, and severed the policy.

The facts of this case are distinguishable from those in *Anderson*. Although a temporary hearing had been held on the dissolution petition when the renewal policy became effective, the parties had not established two separate households. Perhaps more importantly, the renewal policy was prepared by the insurer prior to the date of the temporary hearing. There is no evidence that the insurer had knowledge that the parties intended to create two separate households due to dissolution proceedings. The basis for the court's decision in *Anderson*, that the insurer issued a policy knowingly and intentionally covering two separate households, does not apply to the facts of this case.

Rather, we agree with the trial court that this case is controlled by the decision in *State Farm Fire & Casualty Co. v. McPhee*, 336 N.W.2d 258 (Minn.1983).

John McPhee and his wife Linda were named insureds on the homeowners policy. The McPhees had separated and were maintaining two separate residences at the time of the incident. John attempted to scare Linda while she was removing some possessions from the home by shooting at a window or wall. A struggle for the gun resulted in the injury of Linda and ultimately in her death. Linda's children brought a wrongful death claim and defense was tendered to the insurer. The supreme court found that the household exclusion clause excluded coverage for bodily injury to a named insured. John McPhee's acts were therefore outside the scope of policy coverage.

The facts in *McPhee* are similar to those at issue in this case. In both cases, the named insureds separated and began to maintain separate households. The homeowners policy in each case was prepared while the insureds were both residing in the insured premises, so there is no evidence that the insurer intended to provide coverage for two residences under one policy as in *Anderson*. Finally, both the incident in question and that in *McPhee* resulted in bodily injury to a family member who was arguably an insured under the policy and outside the scope of coverage. The parties' separation in *McPhee* did not affect Linda's status as a named insured under the policy. We do not find that the Fournelles' separation changed the status of the children as resident insureds under this policy.

Since the question of the residency exclusion is dispositive of this case and the other issues presented by appellants were not considered by the trial court, they are not considered by this court.

## DECISION

The scope of coverage is clearly and unambiguously set forth by the policy language. We find that the children were resident relatives of a named insured. We therefore affirm the trial court's grant of summary judgment to respondent.

Affirmed.

LANSING, J., dissents with an opinion.

LANSING, Judge (dissenting).

The majority fails to properly take into account the effect of the policy's severability clause and for that reason, I believe, misconstrues the policy language. The exclusion at issue is for liability coverage for "bodily injury to you and any insured." The definition of "insured" includes relatives residing in the named insured's household.

It is not disputed that the Fournelles, each of whom was a separate named insured, occupied separate households at the time of the shooting. As the majority acknowledges, both children were residents of Joanne Fournelle's household. It is also undisputed that the policy contains a severability clause which provides:

> Severability of Insurance. This insurance applies separately to each insured. This condition shall not increase our limit of liability for any one occurrence.

Appellant argues that this clause requires the liability coverage to be determined separately for each named insured. Under this theory, the term "you" in the exclusionary clause refers to the named insured who requires coverage. Because coverage is sought for Robert Fournelle, the term "any insured" would include Robert Fournelle and specified residents of his household. The children were not residents of Robert Fournelle's household and consequently they are not excluded from making claims.

In *Utica Mutual Insurance Co. v. Emmco Insurance Co.*, 309 Minn. 21, 243 N.W.2d 134 (1976), the supreme court considered the effect of a severability clause relating to employees. The policy excluded liability coverage for injuries to any employee of the insured. At issue was whether an insured under the policy could be denied liability coverage for injuries sustained by an employee of a *different* insured under the same policy. The court concluded:

> [T]he severability clause dictates that the exclusion should be construed only with reference to the particular insured seeking coverage * * *.

*Id.* at 31, 243 N.W.2d at 140. The court held that the employee exclusion clause did not apply when the insured who was seeking coverage did not employ the injured employee.

The same principle is involved here. The severability clause requires that the household exclusion clause be applied with reference only to the particular named insured seeking coverage. This interpretation is consistent with *National Farmers Union Property and Casualty Co. v. Anderson*, 372 N.W.2d 71 (Minn.App.1985). As stated in *Anderson*, the purpose of the household exclusion clause is to prevent collusion. *Id.* at 76. This purpose loses force if the insured seeking liability coverage does not reside with the injured party.

The majority's reliance on *State Farm Fire & Casualty Co. v. McPhee*, 336 N.W.2d 258 (Minn.1983) is misplaced. In *McPhee*, the supreme court held that a named insured under a homeowner's policy was not divested of her insured status merely because she moved to a different residence. In applying the household exclusion clause, the court did not expressly consider whether that clause should be applied separately to each named insured. Moreover, it appears that the policy in *McPhee* did not have a severability clause.