584 A.2d 1367

HANOVER INSURANCE COMPANY, AS SERVICING CARRIER FOR NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION, PLAINTIFF, v. RAYMOND McKENNEY, GWEN McKENNEY, FRANCES MATCHNER, THE CELTIC TAVERN, LENIHAN OLDSMOBILE AND REE MATCHNER, DEFENDANTS.

Superior Court of New Jersey
Law Division Camden County

Decided October 24, 1990.

*Dennis M. Marconi,* for plaintiff (Capehart & Scatchard, attorneys).

*Susan L. Moreinis,* for defendant Frances Matchner.

CIANCIA, J.S.C.

The novel question presented here is whether *R*.4:42–9(a)(6) permits an award of counsel fees to a plaintiff in a pending personal injury action who successfully defends a declaratory-judgment suit brought by a disclaiming insurance carrier against its insured and others. Surprisingly, this question has never been squarely addressed in our reported cases, although the factual context is hardly unique. On the facts here presented, I find an award of fees is permitted under the rule.

Hanover Insurance Company issued an automobile liability insurance policy which undisputedly included Ray McKenney (hereafter McKenney) as a covered person. While operating a covered vehicle owned by his wife, McKenney collided with a car driven by Ree Matchner and occupied by Frances Matchner. A personal injury action on behalf of Frances Matchner was commenced against McKenney, and while that action was pending, Hanover brought its declaratory judgment suit against McKenney, Gwen McKenney (his wife), Frances Matchner, Ree Matchner, the Celtic Tavern and Lenihan Oldsmobile. Essentially, Hanover disclaimed coverage on three theories: (1) Gwen McKenney, the owner of the vehicle driven by her husband and insured by Hanover, had filed a report falsely claiming the vehicle had been stolen; (2) The vehicle was being used as a commercial vehicle; and (3) McKenney intentionally caused the collision with the Matchner vehicle. Defendants Celtic Tavern and Lenihan Oldsmobile never answered the declaratory judgment complaint. Gwen McKenney, at an early stage, settled her property damage claim with Hanover. Ray McKenney filed an answer and participated in some discovery but thereafter was not an active defendant. Ree Matchner was represented at all times, but it was Frances Matchner, through her attorney, who most vigorously opposed Hanover's efforts to disclaim coverage.

Frances Matchner moved for summary judgment and was successful as to Hanover's contentions concerning the alleged

false theft report and use of the vehicle for commercial purposes. The judge who heard that motion essentially determined that under *Fisher v. New Jersey Auto. Full Ins.*, 224 *N.J.Super.* 552, 540 *A.2d* 1344 (App.Div.1988), Hanover could not disclaim coverage against a third-party plaintiff such as Frances Matchner.

The summary judgment attack on Hanover's "intentional collision" claim was defeated, and that matter came on for trial before this court. Ree Matchner and Frances Matchner were the only defendants represented, and it was Frances Matchner's attorney who led the defense. At the close of plaintiff's case, defendants moved for an involuntary dismissal of Hanover's complaint. Before the court could render a decision on that motion, Hanover's attorney, without explanation, announced that it was withdrawing its action and would defend and indemnify its insured as required by the third-party litigation. In effect, Hanover took a voluntary dismissal, with prejudice, as allowed by the court. *R.*4:37–1(b). Frances Matchner's attorney subsequently applied for counsel fees pursuant to *R.*4:42–9(a)(6) which is the genesis for this opinion. (Ree Matchner's attorney has not applied for fees.)

Hanover contends a fee may not be awarded to Frances Matchner because she was not a named insured and the rule should be construed to exclude injured third parties who successfully defeat summary judgment actions launched by the carrier. Frances Matchner, on the other hand, characterizes herself as a third-party beneficiary of the Hanover policy and contends she fits squarely within *R.*4:42–9(a)(6). For the reasons which follow, I find Frances Matchner's arguments persuasive on the facts of this case.

*R.*4:42–9(a)(6) permits a counsel fee, "in an action upon a liability or indemnity policy of insurance, in favor of a successful claimant." This is a modification of the general

proposition that sound judicial administration will best be advanced if litigants bear their own counsel fees. *See generally Pressler, Current N.J. Court Rules,* Comment *R.*4:42–9 (1991). This particular amendment was added to the rule in 1971 with the purpose of discouraging groundless disclaimers by insurers and "providing more equitably for the assured the benefits bargained for in his contract of insurance without additional expense over and above the premiums paid...." *Kistler v. N.J. Mfrs. Ins. Co.,* 172 *N.J.Super.* 324, 329–330, 411 *A.*2d 1175 (App.Div.1980); *accord Molyneaux v. Molyneaux,* 230 *N.J.Super.* 169, 181, 553 *A.*2d 49 (App.Div.1989). The rule is not to be extended beyond its express terms and remains unavailable to an insured who brings an action against the carrier for direct (first-party) coverage. *Enright v. Lubow,* 215 *N.J.Super.* 306, 311–313, 521 *A.*2d 1300 (App.Div.1987), certif. den. 108 *N.J.* 193, 528 *A.*2d 19 (1987). This is not to say that the term "successful claimant" is so strictly interpreted as to include only a named insured seeking coverage for a third-party claim. Secondary carriers have also been brought within the ambit of *R.*4:42–9(a)(6). *Tooker v. Hartford Acc. & Ind. Co.,* 136 *N.J.Super.* 572, 347 *A.*2d 371 (App.Div.1975), certif. den. 70 *N.J.* 137, 358 *A.*2d 184 (1976); *accord White v. Howard,* 240 *N.J.Super.* 427, 573 *A.*2d 513 (App.Div.1990). Also, as pointed out by Judge Pressler in her comment to *R.*4:42–9(a)(6),

> [W]hile the failure to defend is the classic basis of an action on the policy, it is by no means the exclusive one, and the rule is intended to cover all such actions, including those brought by third-party beneficiaries, in which the insurer or indemnitor is found therein to have failed to comply with its contractual undertakings. [*Pressler, op. cit., supra*]

That comment finds its most frequent application in the context of an injured third party who has successfully litigated against the insured and then brought suit against the carrier for payment. Here, Frances Matchner defended a declaratory judgment action brought by the carrier subsequent to the

initiation of the third-party litigation but prior to its resolution.[1] This factual distinction creates no legal difference.

Hanover chose when to bring its action and Frances Matchner was a necessary defendant because she claimed an interest in the policy which would be affected by the declaration. *N.J.S.A.* 2A:16–56. Additionally, Frances Matchner had a cause of action against the policy at the moment she was injured, although she would not have had a right of action against Hanover for payment until a judgment was recovered against McKenney and he was unable to pay it. *Dransfield v. Citizens Casualty Co.*, 5 *N.J.* 190, 194, 74 *A.*2d 304 (1950); *Century Indem. Co. v. Norbut*, 117 *N.J.Eq.* 584, 587 (Ch. 1935), aff'd o.b. 120 *N.J.Eq.* 337, 184 *A.* 822 (E. & A.1936); *N.J.S.A.* 2A:16–56. Had Hanover failed to join Frances Matchner in the declaratory judgment action, she would not have been bound by its determination. *Dransfield, supra; Tal v. Franklin Mut. Ins. Co.*, 172 *N.J.Super.* 112, 116, 410 *A.*2d 1194 (App.Div.1980), certif. den. 85 *N.J.* 103, 425 *A.*2d 267 (1980); *N.J.S.A.* 2A:16–57. "[U]pon the happening of an accident the injured third party acquires an interest in the [automobile] policy that cannot be foreclosed by litigation or agreement between insurer and insured alone." *In re Estate of Gardinier*, 40 *N.J.* 261, 265, 191 *A.*2d 294 (1963); citations omitted. Conversely, had she failed to defend the action without legal justification, her default would have bound her to the result.

Frances Matchner was more than an interested bystander. Her rights were directly linked to McKenney and through him to the policy. Because of that relationship she had risks as well as potential benefits. As a result of the accident in issue, McKenney had been indicted and tried on three counts of aggravated assault (*N.J.S.A.* 2C:12–1(b)(1)) and three counts of aggravated assault with an auto (*N.J.S.A.* 2C:12–1(c)). He was

---

[1]The court was informed at argument on this motion that the third-party suit was settled between Frances Matchner and McKenney (Hanover) subsequent to the carrier's withdrawal of its declaratory judgment action.

acquitted of the former charges and convicted of the latter, fourth-degree offenses involving reckless conduct. Had he been found guilty of an intentional act, Frances Matchner, without any direct participation in the criminal proceeding, would have been estopped from relitigating McKenney's intent with the insurer. Such estoppel is based upon the injured victim's privity with the insured through whom the policy benefits are claimed. The injured victim stands in the insured's shoes *vis-a-vis* the policy. *Tal v. Franklin Mut. Ins. Co.,* *supra,* 172 *N.J.Super.* at 117, 410 *A.*2d 1194; *N.J. Mfrs. Ins. Co. v. Brower,* 161 *N.J.Super.* 293, 299, 391 *A.*2d 923 (App.Div. 1978).

As Chief Justice Weintraub said in *Gardinier,* the issuance of a policy such as this is not a wholly private matter between the insurer and the insured. 40 *N.J.* at 265, 191 *A.*2d 294. It is settled legislative policy that automobile liability insurance is for the benefit of the public as well as for the benefit of the named assured. *Motor Club Fire & Casualty Co. v. N.J. Mfrs. Ins. Co.,* 73 *N.J.* 425, 433, 375 *A.*2d 639 (1977), *cert.* den. 434 *U.S.* 923, 98 *S.Ct.* 402, 54 *L.Ed.*2d 281 (1977); *Odolecki v. Hartford Acc. & Ind. Co.,* 55 *N.J.* 542, 549, 264 *A.*2d 38 (1970). In *Eschle v. Eastern Freight Ways,* 128 *N.J.Super.* 299, 319 *A.*2d 786 (Law Div.1974), Judge Dreier, then writing in the Law Division, put it this way:

> In the contract terminology, the public can be seen as the third-party beneficiary of an agreement between the agent and the insured. There is no question that the applicant himself is a beneficiary of the contract, but the public policy of this State goes further. Our policy is to see that drivers are insured, not only for their own benefit (to protect their assets in the event of a liability claim), but also to provide a fund from which the damage claims of others may be satisfied. [Citations omitted.] The public is a third-party beneficiary of such an agreement, whether the public's interest is classified under the common law classifications of donee, creditor or incidental beneficiary.... When the agent or broker contracts for the insured to procure insurance, it is to satisfy this public policy of the State, as well as the desires of the insured. The beneficiaries of the agreement are not merely the insured who will have obtained coverage, and the insurance company which will obtain the premium, but also a potential injured party who will have a fund from which he can receive

payment. The contract is made for his benefit as surely as if the provision appeared therein. 128 *N.J.Super.* 302, 319 *A.2d* 786.

I am satisfied that Frances Matchner is a successful claimant within the meaning of *R.*4:42–9(a)(6). Through her efforts, Hanover's attempt to disclaim coverage was defeated. The legislative policy of this State is furthered by her successful defense of the declaratory judgment action. Her relationship to McKenney, and, indeed, to the Hanover policy itself, support her claim that she is a third-party beneficiary of that policy. Placing Frances Matchner in the shoes of Ray McKenney fosters the larger purpose of benefitting insureds who should not bear the additional cost of attorney's fees in obtaining the contractual entitlements promised by the carrier. Accordingly, a counsel fee is permitted under *R.*4:42–9(a)(6).[2]

---

[2] The rule, of course, is permissive; whether a fee is actually awarded and in what amount invokes additional discretionary considerations well settled in our case law, and need not be again set forth. *See Enright v. Lubow, supra,* 215 *N.J.Super.* at 313, 521 *A.2d* 1300.