MARIA FERRARI, administratrix, & another[1]
vs. ALBERT TOTO.

Suffolk.  November 3, 1980. — February 26, 1981.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & LIACOS, JJ.

*Workmen's Compensation Act,* Recovery from third person.  *Insurance,*
Insolvency of insurer.  *Massachusetts Insurers Insolvency Fund.*

The Massachusetts Insurers Insolvency Fund was excused from paying the
claim of a plaintiff in a negligence action arising out of an automobile
accident where the plaintiff's workmen's compensation insurer was en-
titled to any recovery by the plaintiff against the defendant up to the
amount of the compensation payments it had made to the plaintiff and
the compensation insurer had paid the plaintiff more than the $20,000
limit of the policy issued by the defendant's insolvent insurer.
[37-39]
In answering a question reported by the judge in a negligence action as to
whether the Massachusetts Insurers Insolvency Fund was excused from
paying the plaintiff's claim against the defendant as a result of work-
men's compensation benefits received by the plaintiff, this court de-
clined to express an opinion concerning the claim of the plaintiff's wife
for loss of consortium where essential facts and argument had not been
presented concerning the wife's claim.  [39]

CIVIL ACTION commenced in the Superior Court on Octo-
ber 15, 1974.

The case was reported to the Appeals Court by *Lynch*, J.
After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Norman J. Fine* for the plaintiffs.

*Joseph C. Tanski* for the defendant.

WILKINS, J.  As a result of injuries sustained in a motor
vehicle accident while at his job, Pasquale Ferrari was enti-
tled (a) to benefits under the workmen's compensation law

_____

[1] Anna Ferrari, wife of Pasquale Ferrari.  We shall discuss the claim re-
lated to Pasquale Ferrari by reference to him rather than to his adminis-
tratrix.

and (b) to assert a claim for the negligent operation of a motor vehicle operated by the defendant. Ferrari received more than $35,000 in workmen's compensation benefits from his employer's insurer. The defendant's motor vehicle was insured by the Rockland Mutual Insurance Company (Rockland) to a limit of $20,000 for each person injured in a covered accident (with a limit of $50,000 for each accident). Rockland was declared insolvent shortly after the accident, and the Massachusetts Insurers Insolvency Fund (Fund) became obligated to pay "covered claims" of Rockland's motor vehicle insureds. G. L. c. 175D, § 5 (1) (*a*). See *Commissioner of Ins.* v. *Massachusetts Insurers Insolvency Fund*, 373 Mass. 798, 802 (1977). A "covered claim," as defined in G. L. c. 175D, § 1 (2), as appearing in St. 1975, c. 341, § 1, does not include "any amount due any reinsurer, insurer, insurance pool, or underwriting association."

In *Ferrari* v. *Toto*, 9 Mass. App. Ct. 483, 485-486 (1980), the Appeals Court concluded that, because Ferrari's workmen's compensation insurer was entitled to any recovery by Ferrari against the defendant, up to the amount of its compensation payments (adjusted to reflect attorneys' fees) (see G. L. c. 152, § 15) and it had paid Ferrari more than the $20,000 limit of the defendant's policy, the Fund was excused from paying Ferrari's claim. It reasoned that the claim was not a "covered claim" because it was for an amount due an insurer within the meaning of G. L. c. 175D, § 1 (2). *Ferrari* v. *Toto*, *supra* at 486. We granted the plaintiffs' application for further appellate review. We agree with the Appeals Court's reasoning and conclusion.

Ferrari raises several objections to the Appeals Court opinion. They are not well founded. It is not true that the defendant is left without insurance protection against Ferrari's claim. Ferrari may not recover against the defendant to the limit of the defendant's policy (and Ferrari has waived any claim in excess of $20,000). Consistently with the purpose of G. L. c. 175D, the Fund would be obliged to provide a defense of any claim brought against the defendant to the same extent that the defendant would have been

entitled to such a defense if his insurer had not become insolvent. The defendant gains no windfall; he gets the insurance protection for which he bargained. Ferrari is not denied a property right with nothing given in exchange. He is left in the same position as if Rockland had not become insolvent. The compensation insurer paid him over $35,000, and any damages recovered by him up to that amount (adjusted for attorneys' fees) belong to that insurer. G. L. c. 152, § 15. General Laws c. 175D simply says that, as between Ferrari's workmen's compensation insurer and the Fund, the loss must be absorbed by the workmen's compensation insurer. There is no reason why Ferrari should have any greater rights because Rockland became insolvent or because G. L. c. 175D was enacted.[2]

Ferrari argues that it is contrary to the policy of the Commonwealth to place the loss on him, the innocent party, rather than on the negligent defendant. In fact, under G. L. c. 175D, the loss is placed on the workmen's compensation carrier which provided coverage to Ferrari's employer rather than on the Fund as the substituted "insurer" of the negligent defendant. There is no consistent policy in the Commonwealth to place losses on the wrongdoer's insurer. For example, personal injury protection benefits under the so called "no-fault" motor vehicle insurance law are not available to an injured person who is entitled to benefits under the workmen's compensation law. G. L. c. 90, § 34A, defining "personal injury protection." See *Mailhot* v. *Travelers Ins. Co.*, 375 Mass. 342, 343 (1978). In such a situation, the Legislature placed the loss on the workmen's compensation insurer, without regard to fault, rather than on a motor vehicle liability insurer. The conclusion to place

[2] Without objection by the defendant, Ferrari has moved to include in the record the fact that, after the opinion of the Appeals Court was released, his employer's compensation insurer agreed to accept $5,000 in full satisfaction of its rights under G. L. c. 152, § 15. We see no basis for concluding that Ferrari's rights against the defendant or the Fund are increased by that agreement. Such an agreement should not be permitted to alter the legislative judgment that the loss should not be placed on the Fund.

the loss on the workmen's compensation insurer providing benefits to Ferrari rather than on the Fund is consistent with the legislative intent and is not inconsistent with any demonstrated public policy.

There is one matter not raised adequately in the statement of agreed facts. Ferrari's wife (now his widow) is also a plaintiff. She asserts a claim for loss of consortium. The parties' briefs do not address the question whether her rights against the defendant or the Fund are barred in the circumstances, and there is no agreement as to the amount of the loss, if any, sustained by her. Essential facts and argument have not been presented to us concerning the wife's claim.

The case came to the Appeals Court on an agreement that the question on appeal "is whether or not the workmen's compensation benefits received by plaintiff, Pasquale Ferrari, negate, set off or limit the obligation of the Fund to pay plaintiffs' claims and if so in what amount." The judge reported that question and not the entire case. The parties believed that an answer to the reported question would be entirely dispositive. The Appeals Court directed the entry of a judgment dismissing the action. It is appropriate, of course, to answer the reported question as far as it can be answered. No answer can be given, however, concerning the claim of Ferrari's wife for loss of consortium. The parties have not agreed to all the material facts necessary for the determination of her claim. It may not even have been intended that those rights be considered on appeal. In their brief to the Appeals Court, the plaintiffs state the issue on appeal as related solely to Ferrari's rights, although they mention in passing his wife's claim for loss of consortium.

We conclude that we should decline to consider the claim of Ferrari's wife for loss of consortium and should leave the question open by remanding this aspect of the case to the Superior Court for further proceedings. See *Huard* v. *Forest St. Hous., Inc.*, 366 Mass. 203, 209 (1974). Thus, we answer the question only as to Ferrari himself, that his claim against the Fund is barred.

*So ordered.*