*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.

WILLIAM KINNEY *vs.* JEAN LEAMAN. June 30, 1982. At issue in this case is whether the defendant's motion for a judgment n.o.v. was properly denied by the trial judge.

In lieu of the record on appeal the case comes to us on a statement of the case pursuant to Mass.R.A.P. 8(d), as amended, 378 Mass. 934 (1979). In July of 1973 the plaintiff was injured in the course of his employment when a vehicle negligently operated by the defendant collided with the tractor trailer the plaintiff was driving. The plaintiff's claim against his employer's workers' compensation insurer was settled for a total of $14,872; under the settlement agreement the insurer assigned its rights of subrogation (G. L. c. 152, § 15) to the plaintiff. The defendant's automobile insurer, Rockland Mutual Insurance Company (Rockland), was declared insolvent in July of 1974. We note that upon certain insurers' insolvency, the Massachusetts Insurers Insolvency Fund (Fund) becomes obligated to pay "covered claims" of their insureds. G. L. c. 175D, § 5(1) (a), inserted by St. 1970, c. 261, § 1. See *Ferrari* v. *Toto,* 383 Mass. 36, 37 (1981).

The jury trial of the plaintiff's action against the defendant for damages for personal injuries resulted in a judgment for the plaintiff of $12,000. The defendant moved for a judgment n.o.v. on the grounds that the plaintiff, because of Rockland's insolvency, was required under G. L. c. 175D, § 9, to exhaust any applicable insurance coverage, that he had in fact received workers' compensation benefits in the amount of $14,872.00, which the defendant asserted should offset the Fund's liability, but in any event had not exhausted his uninsured motorist coverage.

The plaintiff argues, however, that his judgment is a "covered claim" under G. L. c. 175D, § 1(2), as amended by St. 1975, c. 570, § 1; he asserts that the assignment to him of the compensation insurer's subrogation rights removes the claim from the exclusionary provision of the statute which prohibits payment by the Fund of any claim which will inure to the benefit of another insurer.

In light of *Ferrari* v. *Toto,* 383 Mass. 36 (1981), the plaintiff's argument does not avail him. In that case as in this, the plaintiff entered into a settlement agreement with his employer's workers' compensation insurer. To be sure, there the agreement was made after this court denied the plaintiff recovery against the fund (*Ferrari* v. *Toto,* 9 Mass. App. Ct. 483 [1980]), while here the plaintiff, relying "in good faith on his statutory right to be protected by the Fund," entered into the agreement appar-

ently several years before trial. The difference between the cases is insignificant, however, for the agreements are equally ineffective. The workers' compensation insurer could not have recovered from the Fund (G. L. c. 175D, § 1[2]) and thus it had no rights to assign. "[A]s between (a workers') compensation insurer and the Fund, the loss must be absorbed by the . . . compensation insurer," and a settlement agreement "should not be permitted to alter the legislative judgment that the loss should not be placed on the Fund." *Ferrari* v. *Toto*, 383 Mass. at 38 & n.2.

We do not reach the issue of whether the plaintiff must exhaust available uninsured motorist coverage which would reduce the Fund's liability (*Vokey* v. *Massachusetts Insurers Insolvency Fund*, 381 Mass. 386 [1980]) because we conclude that the defendant's motion for a judgment n.o.v. should have been granted. It follows therefore that the judgment must be reversed and a judgment n.o.v. entered for the defendant.

*So ordered.*

*James B. Dolan, Jr.*, for the defendant.
*John Bernstein (Ronald Lopez* with him) for the plaintiff.