**ANDERSON TRUCKING SERVICE, INC., et al., Appellants,**

v.

**MINNESOTA INSURANCE GUARANTY ASSOCIATION, Respondent.**

No. C1–92–966.

Court of Appeals of Minnesota.

Nov. 24, 1992.

Review Granted Jan. 22, 1993.

Steven A. Muenzer, Bloomington, for appellants.

Barbara A. Burke, Cousineau, McGuire & Anderson, Chartered, Minneapolis, for respondent.

Considered and decided by KLAPHAKE, P.J., and RANDALL and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Appellants allege the district court erred in granting summary judgment in their declaratory judgment action on the grounds that their claim for contribution or reimbursement was not a covered claim as defined by the Minnesota Insurance Guaranty Association Act (the Act). Minn.Stat. § 60C.09, subd. 2(2) (1990).

## FACTS

In 1977, Franklin Nelson, an employee of appellant Anderson Trucking Service, Inc. (Anderson), was injured on the job and a workers' compensation claim was paid by Anderson's workers' compensation insurance carrier, Carriers Insurance Company. In 1986, Carriers was declared insolvent. Pursuant to Minn.Stat. ch. 60C (1990 & Supp.1991), respondent Minnesota Insurance Guaranty Association (MIGA) took over the administration of all claims on behalf of Carriers. Appellant St. Paul Fire & Marine Insurance Company (St. Paul)

became Anderson's workers' compensation insurance carrier.

In 1989, Nelson was again injured while working for Anderson. Liability was admitted and St. Paul paid workers' compensation benefits totaling in excess of $107,895.00. Two years later, a physician examined Nelson and rendered an opinion that 50% of his disability from the 1989 accident was due to the 1977 accident.

Appellants filed an action for contribution and/or reimbursement with the Department of Labor and Industry seeking contribution from MIGA as the successor to claims filed against Carriers. MIGA responded that the Department of Labor and Industry and the Office of Administrative Hearings lacked jurisdiction to decide such a claim.

Appellants sought a declaratory judgment in district court that their claim against MIGA was a covered claim pursuant to the Act. MIGA answered and subsequently moved for summary judgment on the grounds that this was not "a covered claim" under Minn.Stat. § 60C.09, subd. 2(2). The district court granted MIGA's motion. The claim was dismissed by the Department of Labor and Industry and this appeal followed.

### ISSUE

Did the district court err in holding that Minn.Stat. § 60C.09, subd. 2(2) excludes a claim for reimbursement or contribution against MIGA by a workers' compensation insurer?

### ANALYSIS

When reviewing an appeal from a grant of summary judgment, this court must determine if any genuine issues of material fact exist and if the trial court erred in applying the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). Here the facts are undisputed. Our inquiry involves the strictly legal question of whether the district court erred in its application of Minn.Stat. § 60C.09, subd. 2(2).

Minn.Stat. § 60C.09, subd. 2(2) defines what is not a covered claim under the Act. Covered claims do not include

claims due a reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries *or otherwise.*

Minn.Stat. § 60C.09, subd. 2(2) (emphasis added).

Appellants argue that their claim is not a subrogation action and, therefore, not within the proscription of section 60C.09, subdivision 2(2). They contend the statute only precludes subrogation recoveries and the term "or otherwise" is superfluous. We disagree.

The word "otherwise" is defined as "in a different manner; in another way, or in other ways." *Black's Law Dictionary*, 1101 (6th ed. 1990). Thus, under this definition, subdivision 2(2) would preclude *any* claims due a reinsurer, insurer, insurance pool, or underwriting association, due not only as subrogation claims but in a different manner. *See Ursin v. Insurance Guar. Ass'n*, 412 So.2d 1285, 1289 (La. 1981) (construing Louisiana's Insurance Guaranty Association Act with an "or otherwise" clause to mean "an amount due an insurer as subrogation recoveries, or in a different manner, would be excluded from the definition of a covered claim").

Other courts in states with insurance guaranty association acts similar to Minnesota's have interpreted their respective acts to preclude all claims by member insurers. *See California Union Ins. Co. v. Central Nat'l Ins. Co.*, 117 Cal.App.3d 729, 173 Cal.Rptr. 35 (1981); *Ferrari v. Toto*, 383 Mass. 36, 417 N.E.2d 427 (1981); *Sussman v. Ostroff*, 232 N.J.Super. 306, 556 A.2d 1301 (App.Div.1989). In each of these cases the courts denied claims by insurance companies on the grounds that the statutes were enacted to protect the public and individual claimants, not other insurance companies.

Among the stated purposes of the Act in Minnesota are

to provide a mechanism for the payment of covered claims under certain insurance policies and surety bonds, to avoid excessive delay in payment and to avoid

financial loss to *claimants or policyholders* because of the liquidation of an insurer.

Minn.Stat. § 60C.02, subd. 2 (1990) (emphasis added). This court has interpreted "claimants or policyholders" to mean employees or employers, respectively, in a workers' compensation setting. *Reinsurance Ass'n of Minnesota v. Dunbar Kapple, Inc.*, 443 N.W.2d 242, 247 (Minn.App. 1989). Thus, the express purpose of the Act is consistent with the rationale of courts in other jurisdictions for denying all claims by insurers.

Appellants further argue that a determination that contribution claims by insurers are precluded under the Act results in a conflict between the Act and the Minnesota Workers' Compensation Act. Specifically, they contend that Minn.Stat. § 176.191 (1990) provides for reimbursement in workers' compensation disputes between two or more carriers and, therefore, conflicts with an interpretation of Minn.Stat. § 60C.09, subd. 2(2) which denies recovery for workers' compensation insurers. Appellants argue this conflict supports an interpretation of Minn.Stat. § 60C.09, subd. 2(2) which allows claims for reimbursement in workers' compensation disputes by other insurers.

In *Dunbar Kapple*, however, this court addressed an apparent conflict between Minn.Stat. § 176.061, subd. 10 (Supp.1983) and Minn.Stat. § 60C.09, subd. 1 (Supp. 1983). Although the decision in *Dunbar Kapple* involves different sections and subdivisions than the ones involved in this case, the conflict analysis is applicable.

First, although no conflict was found to exist in *Dunbar Kapple* the court stated that if a conflict were to exist, legislative intent would be better effectuated by applying the provisions of section 60C.09 over those of section 176.061. *Dunbar Kapple*, 443 N.W.2d at 246. Secondly, the court in *Dunbar Kapple* supports the trial court's interpretation of the Act when it states:

> The primary intent of the Minnesota workers' compensation law is to "assure the quick and efficient delivery of indemnity and medical benefits to *injured workers* at a reasonable cost to the *employers* who are subject to the provisions of th[e] chapter." Thus, as in Chapter 60C, the persons to be protected by the workers' compensation law are the injured claimants (employees) and policyholders (employers), not the insurers. * * * Consequently, we hold Minn.Stat. § 60C.02, subd. 1 (Supp.1983), if applied, would bar [the insurer's] action for indemnity and contribution.

*Id.* at 246–47 (quoting Minn.Stat. § 176.001 (1988)) (emphasis in original).

The Act exists for the benefit of injured workers and employers who otherwise would be left without compensation when an insurer becomes insolvent. We therefore conclude that St. Paul's claim for reimbursement or contribution is not a covered claim under the Act.

## DECISION

Based on the plain language of Minn. Stat. § 60C.09, subd. 2(2), and this court's interpretation of the purposes of both the Minnesota Workers' Compensation Act and the Minnesota Insurance Guaranty Association Act, the decision of the district court denying appellants' claim for contribution or reimbursement is affirmed.

Affirmed.