MINNESOTA MINING AND MAN-
UFACTURING COMPANY, et
al., Appellants,

v.

H & W MOTOR EXPRESS COMPANY,
Respondent.

No. C8–93–778.

Court of Appeals of Minnesota.

Nov. 2, 1993.

Review Denied Dec. 22, 1993.

Lawrence R. King, Therese M. Pautz,
Murnane, Conlin, White & Brandt, St. Paul,
for appellants.

Mary Marvin Hager, Gilmore, Aafedt,
Forde, Anderson & Gray, Minneapolis, for
respondent.

Considered and decided by HARTEN,
P.J., and RANDALL and STONE,* JJ.

## OPINION

HARTEN, Judge.

An insurer that paid uninsured motorist
benefits challenges the district court's ruling

---

* Retired judge of the district court, serving as
judge of the Minnesota Court of Appeals by ap-
pointment pursuant to Minn. Const. art. VI, § 10.

that it cannot recover the insured's retained limit from the insured of an insolvent insurer. We reverse and remand.

## FACTS

On December 13, 1984, a truck driven by an employee of respondent H & W Motor Express Company struck a car owned by appellant Minnesota Mining and Manufacturing Company (3M) and driven by a 3M employee. H & W was insured under a policy issued by Carriers Insurance Company, which became insolvent after the accident. Because of the insolvency of Carriers, Northwestern National Insurance Company (NWNI), 3M's insurer, eventually paid 3M's employee $35,000 in uninsured motorist benefits.

The Carriers policy provided that Carriers would pay damages that H & W became legally obligated to pay as damages in excess of H & W's retained limit of $25,000. In addition, the Carriers policy provided for pro rata payment by the insurer and insured of expenses attributable to the investigation, litigation and settlement of losses.

Finally, the Carriers policy provided for a loss adjustment expense:

> In addition to the earned premium as herein defined the Insured shall pay to the Company 12% of paid losses within the Insured's retention for the expenses of the Company in handling losses within the Insured's retention.

NWNI brought this action against H & W, asserting NWNI was entitled to recover H & W's retained limit of $25,000. H & W asserted, as an affirmative defense, that NWNI's action against it was barred by the provisions of the Minnesota and Iowa Insurance Guaranty Association Acts. NWNI moved to strike H & W's affirmative defense. The district court denied this motion, concluding that NWNI was asserting a subrogation claim against H & W and that such a claim is prohibited by the Minnesota Insurance Guaranty Association Act. H & W moved for dismissal of the action against it, asserting that the affirmative defense was dispositive of the action. The district court agreed and dismissed the action. NWNI and 3M have appealed.

## ISSUES

1. Is this appeal barred by collateral estoppel?

2. Did the district court err in determining that NWNI is not entitled to pursue H & W's retention limit?

## ANALYSIS

1. *Standard of Review.* The district court based its determination on its interpretation of insurance policy language and statutes. Statutory interpretation presents a question of law that this court reviews de novo on appeal. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). Interpretation of insurance policy language also presents a question of law to be reviewed de novo. *Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885, 887 (Minn.1978).

2. *Collateral Estoppel.* H & W contends that the district court's order denying NWNI's motion to strike H & W's affirmative defense precludes relitigation of the question whether NWNI can proceed against H & W. Collateral estoppel will apply when

> (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Johnson v. Consolidated Freightways*, 420 N.W.2d 608, 613 (Minn.1988) (citing *Ellis v. Minneapolis Comm'n on Civil Rights*, 319 N.W.2d 702, 704 (Minn.1982)).

The second element of collateral estoppel is absent in this case. The district court's order denying NWNI's motion to strike H & W's affirmative defense did not result in a final judgment. H & W, however, contends that the order was appealable as one

> which, in effect, determines the action and *prevents* a judgment from which an appeal might be taken.

Minn.R.Civ.App.P. 103.03(e) (emphasis added). H & W contends that NWNI, having failed to appeal the earlier order, cannot challenge the order in this appeal.

Nothing in the court's order refusing to strike the affirmative defense *prevented* a judgment from which an appeal might be taken. In fact, a judgment was subsequently entered, from which this appeal was taken. Rule 103.03(e) applies to orders that preclude the possibility of entry of judgment. *See Bulau v. Bulau,* 208 Minn. 529, 530, 294 N.W. 845, 847 (1940) (order determining court lacks jurisdiction precludes further action). The issue NWNI raises is properly before this court.

■ 3. *H & W's Retained Limit.* The purposes of the Minnesota Insurance Guaranty Association Act are:

to provide a mechanism for the payment of covered claims under certain insurance policies and surety bonds, to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the liquidation of an insurer, to assist in the detection and prevention of insurer insolvencies, and to provide an association to assess the cost of the protection among insurers.

Minn.Stat. § 60C.02, subd. 2 (1984). The Insurance Guaranty Association Act is to be liberally construed to effect its stated purposes. *Id.,* subd. 3 (1984).

Minn.Stat. § 60C.09, subd. 1 (1988) provides:

**Definition.** A covered claim is any unpaid claim, including one for unearned premium, which:

(a)(1) Arises out of and is within the coverage of an insurance policy issued by a member insurer.

Additionally, a covered claim does not include:

(1) claims by an affiliate of the insurer; and

(2) claims due a reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise. This clause does not prevent a person from presenting the excluded claim to the insolvent insurer or its liquidator, but the claims shall not be asserted against another person, including the person to whom the benefits were paid or the insured of the insolvent insurer, *except to the extent that the claim is outside the coverage of the policy issued by the insolvent insurer.*

Minn.Stat. § 60C.09, subd. 2 (1988) (emphasis added). Subdivision 2 was added to the statute in 1988, four years after the accident in this case. Neither party disputes the applicability of the 1988 amendments. *See Reinsurance Ass'n of Minn. v. Dunbar Kapple, Inc.,* 443 N.W.2d 242, 247–48 (Minn.App. 1989).

The act establishes a fund from which covered claims are paid. Minn.Stat. §§ 60C.04; 60C.05, subd. 1(b) (1988). No amount which would have been covered by an insurance policy issued by an insolvent insurer can be recovered by another insurer. Minn.Stat. § 60C.09, subd. 2(2). The act, however, does not bar recovery by an insurer of amounts that would *not* have been covered by the insolvent insurer's policy. *Id.*

■ The act protects insureds of insolvent insurers from being exposed to liability for claims that their policies would have covered. If a claimant recovers the statutory maximum from the Minnesota Insurance Guaranty Association (MIGA), the claimant cannot pursue the insured for the balance, except to the extent the policy issued by the insolvent insurer would not have covered the claim. For example, assume a claimant has a judgment for $1,000,000 against the insured of an insolvent insurer. The insured's policy limit is $500,000. MIGA pays its statutory maximum, $299,900. *See* Minn.Stat. § 60C.09, subd. 3 (1992). The claimant cannot seek recovery of the $200,100 difference between MIGA's payment and the policy limits. The $500,000 difference between the policy limits and the judgment, however, is outside the coverage of the policy issued by the insolvent insurer and may be claimed against the insured.

It is important to distinguish between a claim brought against MIGA as a covered claim and an excluded claim brought directly against the insured of the insolvent insurer. This court has consistently rejected attempts

by insurers to receive payment from MIGA for covered claims, that is, claims within policy coverage. *See Anderson Trucking v. Minnesota Ins. Guar. Ass'n,* 492 N.W.2d 281 (Minn.App.1992), *pet. for rev. granted* (Minn. Jan. 22, 1993), *appeal dismissed* (Minn.1993); *see also Unique Sys. Dev. v. Star Agency,* 500 N.W.2d 144 (Minn.App.1993), *pet. for rev. denied* (Minn. July 15, 1993). With respect to claims outside the coverage of the policy, however, we apply the plain language of the statute.

■ The last clause of section 60C.09, subd. 2(2) withdraws the protection of the statute from a claim against the insured that would not have been covered under the policy issued by the insolvent insurer. The insolvency of the insurer should not give the insured rights it otherwise would not have had. *See Welch v. Armer,* 776 P.2d 847, 851 (Okla.1989) (insolvent insurer's insured can be held liable for amounts above liability limit of policy).

Had Carriers remained solvent, H & W would have had to pay the $25,000 retention limit. In addition, H & W would have had to pay its pro rata share of the allocated expenses of administering the claim.

When NWNI paid uninsured motorist benefits, it took the place of Carriers, H & W's insolvent liability insurer. *See McIntosh v. State Farm Mut. Auto. Ins. Co.,* 488 N.W.2d 476, 479 (Minn.1992). NWNI is now asserting the right Carriers would have had to compel H & W to pay its retained limit of $25,000. The retained limit is not coverage; it is an obligation of H & W under the terms of its insurance contract. We hold that NWNI is allowed to seek recovery of H & W's retained limit.

## DECISION

The retained limit of H & W is not coverage, and NWNI's claim for the retained limit is not barred by the Minnesota Insurance Guaranty Association Act.

**Reversed and remanded.**