29 F.3d 627
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Robert KARINIEMI, Appellant,
v.
UNIVERSITY OF MINNESOTA; Nils Hasselmo, individually and in
his official capacity as President; Board of Regents,
University of Minnesota, individually and in their official
capacities as Regents of the University of Minnesota; David
M. Brown, Dean of Medical School, individually and in his
official capacity; Pearl Rosenberg, Associate Dean of
Medical School, individually and in her official capacity;
Neil L. Gault, Dean of Medical School and Vice President of
Health Sciences staff, individually and in his official
capacities; Frank Cerra, individually and in his official
capacity of Undergraduate Director of Surgery Education;
Margaret Simpson, individually and in her official capacity
0as Undergraduate Director of Medical Education at HCMC;
Michael Goodman, individually and in his official capacity
as instructor at HCMC in M5502 coursework; Jack (Arthur J)
Crumbley, individually and in his official capacity as Chief
Resident in Department of Surgery at the University of
Minnesota; Robert J. Anderson, Vice President of Health
Sciences, individually and in his official capacity; Cherie
Perlmutter, individually and in her official interim
capacity as Vice President of Health Sciences and in her
official capacity as Associate Vice President of Health
Sciences of the University of Minnesota, Appellees.
 No. 93-3634MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 14, 1994.
Filed: June 28, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 In 1984, the University of Minnesota Medical School expelled Robert Kariniemi for poor academic performance. Kariniemi then brought a 42 U.S.C. Sec. 1983 action in state court against the University, the Board of Regents, the State of Minnesota, Nils Hasselmo, and David Brown, claiming the University's expulsion violated due process. Kariniemi's action also included state-law claims for breach of contract and negligence. The state trial court granted summary judgment to the defendants on the merits of Kariniemi's claims. In 1993, Kariniemi filed this federal action under Sec. 1983 and Sec. 1981 against the same defendants in his state- court action and various other medical school administrators and professors (collectively defendants). Kariniemi asserts the defendants violated his due process and equal protection rights, breached a contract, and were negligent in expelling him. The district court granted summary judgment in favor of the defendants. Kariniemi appeals, and we affirm.
 
 
 2
 "[A] state court judgment is entitled to the same full faith and credit in a federal court as the judgment is given by state law." Medvick v. City of University City, 995 F.2d 857, 858 (8th Cir.) (per curiam), cert. denied, 114 S. Ct. 468 (1993); 28 U.S.C. Sec. 1738 (1988). Because Minnesota recognizes the doctrine of res judicata (claim preclusion), we conclude that Kariniemi's present claims against the identical defendants named in his state action are barred. See Demers v. City of Minneapolis, 486 N.W.2d 828, 830 (Minn. Ct. App. 1992) (judgment on merits in first suit bars second suit involving same cause of action and identical parties, including all matters that could have been litigated in first suit). We also conclude that Kariniemi is precluded from bringing his due process, breach of contract, and negligence claims against the remaining defendants under Minnesota's collateral estoppel (issue preclusion) doctrine. See Minnesota Mining & Mfg. Co. v. H & W Motor Express Co., 507 N.W.2d 622, 623 (Minn. Ct. App. 1993) (litigant cannot relitigate issue in second suit if: issue is identical to one in first suit; first suit was decided on merits; litigant was party to first suit; and litigant had full and fair opportunity to be heard in first suit).
 
 
 3
 Although Kariniemi brought new equal protection and discrimination claims under Sec. 1981 and Sec. 1983 against the remaining defendants, we agree with the district court that these claims are barred by Minnesota statutes of limitations. See Johnson v. Railway Express Agency, 421 U.S. 454, 462 (1975) (federal court must apply most analogous state statute of limitations to Sec. 1981 claims); Minn. Stat. Ann. Sec. 363.06, subd. 3 (West 1991) (discrimination suit must be brought within one year of occurrence); Owens v. Okure, 488 U.S. 235, 236 (1989) (federal court must apply state's residual personal injury statute of limitations to Sec. 1983 claims); Minn. Stat. Ann. Sec. 541.05, subd. 1(5) (West 1988) (personal injury suit must be brought within six years of injury). In addition, because Kariniemi's supplemental materials were not filed in the district court, we deny Kariniemi's motion to supplement the record on appeal. See Fed. R. App. P. 10(a).
 
 
 4
 Accordingly, we affirm.