Merrick, J.
This is an action in tort to recover for injuries sustained by the plaintiff when she was struck by a cart pushed by an employee in the defendant’s supermarket.
The trial court entered judgment for the plaintiff in the amount of $12,500.00. At issue on this appeal is the $3,188.04 in medical expenses included in the court’s award of damages which have been paid by the plaintiff’s health insurer, Blue Cross & Blue Shield of Massachusetts, Inc. (“Blue Cross”). Blue Cross holds a G.L.c. Ill, §70A lien in said amount on any recovery obtained by the plaintiff. Blue Cross is not a party to this action. The defendant was insured at the time of the plaintiff’s injury by American Mutual Insurance Company, which was later declared insolvent. The defense of this action was assumed, therefore, by the Massachusetts Insurers’ Insolvency Fund (“the Fund”).[2]The Fund now claims to be aggrieved by the court’s disposition of the sole request for ruling of law it filed on the defendant’s behalf; to wit:
Because of the insolvency of the Defendant’s insurer, American Mutual, the Defendant, through the Massachusetts Insurers Insolvency Fund, is entitled to a full credit reducing any damages calculation by this Court, equal to the medical bills paid by the Plaintiff’s health insurer [citations omitted].
ALLOWED as a rule of law as set forth in the cases cited, but not applicable to the facts in this case. DeMoulas is responsible for the full payment of all the medical expenses and charges incurred by the Plaintiff in this action. They are not relieved from this obligation by the insolvency of their insurer. As likewise, the Plaintiff is not relieved from the lien imposed upon her recovery by Blue Cross/Blue Shield because of American Mutual’s insolvency. The question of the offset is between Defendant DeMoulas and the Insolvency Fund, not the Plaintiff.
*235 1. Pursuant to G.L.c. 175D, the Fund is obligated to pay only “covered claims” against insolvent insurance companies. Section 1 of G.L.c. 175D states that a “covered claim” for which the Fund is liable “shall not include any amount due any reinsurer, insurer, insurance pool or underwriting association.” The Legislative purpose underlying both §1(2) and the entire G.L.c. 175D statutory scheme, to prevent the diversion of monies from the Fund to satisfy what are essentially subrogation type claims by individual insurers, has been upheld. Ferrari v. Toto, 9 Mass. App. Ct. 483 (1990), aff’d 383 Mass. 36 (1981).[3]
The Fund thus correctly contends herein that it would be entitled under G.L.c. 175D, §1(2) to reduce its payment to the plaintiff of the damages awarded in this action by the $3,188.04 amount of such damages due to Blue Cross. The plaintiff’s argument that Blue Cross, which collects insurance premiums to fund payments to insureds upon the occurrence of fortuitous events defined in policies, is not an insurer is specious. In any event, the G.L.c. 175D, §1(5) definition of “insurer” has been deemed to include any “segment of the insurance industry” where, as in the instant case, the expansion of the statutory definition is necessary to effectuate the Legislature’s purpose and intent. Id. at 485-486. See also Ulwick v. Massachusetts Insurers Insolv. Fund, 418 Mass. 486, 489 (1994).
2. Thus the defendant’s request for ruling stated a valid proposition of law that the Fund is excused from paying a claim if the ultimate beneficiary is an insurance company. The trial court correctly allowed the request as such, but properly ruled that the defendant’s request was immaterial to the facts of this case.
This is a simple action in tort by an injured plaintiff against the defendant supermarket for the negligence of its employee. The trial court’s inquiry was appropriately restricted to questions of the defendant’s liability and the amount of damages which would fairly and adequately compensate the plaintiff. No issue as to the source of payment of such damages or the competing rights and claims of an individual insurance entity and the statutory Fund were before the court. The defendant did not plead the Fund’s obligation to deduct any amount due to Blue Cross and the Fund apparently waited until the day of trial to raise its G.L.c. 175D defense for the first time.
As noted, Blue Cross is not a party to the action, and no decision by the trial court or by this Division, however correct, would be binding on Blue Cross. Dunn v. The Travelers Ins. Co., 6 Mass. App. Ct. 910, 911 (1978). Under such circumstances, any reduction by the trial court of the plaintiff’s damages in the amount equal to the Blue Cross lien would have at least theoretically exposed the plaintiff to a claim by Blue Cross in another forum to enforce its lien on a reduced recovery by the plaintiff which did not include hospital expenses. Although the plaintiff is precluded from recovering more than she would have if the defendant’s insurer, American Mutual, had been solvent, Gaeta v. National Fire Ins. Co. of Hartford, 410 Mass. 592, 595 (1991), the plaintiff should not be deprived of full compensation because of American Mutual’s *236 insolvency.[4]
Report dismissed.
So ordered.

The Fund is a non-profit, unincorporated association of Massachusetts insurers which was created by G.Lc. 175D to settle unpaid claims arising out of or within the coverage of insurance policies issued by companies which later become insolvent. G.L.c. 175D, § 1 et. seq. See generally, Commissioner of Insurance v. Massachusetts Insurers Insolv. Fund, 373 Mass. 798 (1977). The Fund is obligated to provide a defense to any claim against a defendant whose interests would have been represented by his insurer had the latter not become insolvent. Ferrari v. Toto, 383 Mass. 36, 37 (1981).

The Legislative purpose in excluding amounts due to insurers from “covered claims” which must be paid by the Fund is to protect the insurance buying public. “G.L.c. 175D contemplates that the public will bear ultimate financial responsibility for the Fund since member insurance companies of the Fund are to recoup payments to the Fund in the rates and premiums they charge for insurance policies.” Ferrari v. Toto, supra, 9 Mass. App. Ct. at 487. Thus as between an individual insurer and the Fund, any loss attendant to the payment of a claim must be absorbed by the insurer. Kinney v. Leaman, 14 Mass. App. Ct. 926, 927 (1982).

Nevertheless, the Fund cannot be compelled in contravention of G.L.c. 175D restrictions to pay that portion of the damages assessed by the court which is due to Blue Cross. Nor is the defendant liable for payment of the $3,188.04 amount in question if the total amount of damages herein was within the limits of the defendant’s policy with American Mutual. A tortfeasor is personally liable for those amounts which exceed the policy limitations of his liability insurance, but is not liable for amounts “which would have been covered by his insurance but for the insurer’s insolvency and the Fund’s statutory exemption from coverage.”Ferrari v. Toto, supra, 9 Mass. App. Ct. at 487. To the extent that the portion of the trial court’s ruling dealing with the defendant’s liability indicates a contrary result, the ruling was harmless error.
It would appear that only two practical courses remain open herein. Blue Cross may voluntarily accept the first section of this opinion in recognition of established statutory and case law, or the Fund may withhold $3,188.04 with notice to Blue Cross that it has done so and is available to litigate the issue. In the latter event, neither the plaintiff nor the defendant would be necessary parties and should not be exposed to future litigation.